**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                          :
                                          :         16 Cr. 339 (RMB)
                  - against -             :
                                          :         **DECISION & ORDER**
DASHAWN WALTERS,                          :
                                          :
                  Defendant.              :
------------------------------------------------------------x

      Having reviewed the record herein, including without limitation: **(1)** Defendant Dashawn Walters's pro se motion and supplemental brief, dated June 19, 2020 and September 29, 2020, respectively, requesting that the Court "grant [him] compassionate release" pursuant to the compassionate release provisions in 18 U.S.C. § 3582. See Mot. at 2. Walters contends that: (i) he suffers "chronic health issues such as Asthma which expose[] [him] to a greater risk" of contracting COVID-19; (ii) there is "no type of vaccine or medication to prevent [him] from catching the virus [] if [he] did catch it," and USP Victorville does not "have proper medical staff"; and (iii) he has "kids that need their father in their lives." Id. at 2-3; and **(2)** the Government's response, dated July 24, 2020, opposing Walters's release and contending: (i) Walters "has failed to exhaust his administrative remedies"; (ii) there are no "extraordinary and compelling" circumstances warranting Walters's release; and (iii) Walters "is a danger to the community, and the sentencing factors in 18 U.S.C. § 3553(a) counsel against" releasing Walters early. See Opp. at 1-3. The Government also requests that Walters's BOP medical records, filed as Exhibit A, Exhibit B, and Exhibit C to its response ("Exhibit A," "Exhibit B," and "Exhibit C," respectively), be filed under seal. Id. at 2, **the Court hereby accepts Walters's medical records under seal but denies Walters's motion for compassionate release (and his request for appointed counsel), as follows**:

1

I.  **Background**

On June 15, 2017, Walters pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(C); and one count of using and carrying a firearm in connection with a drug-trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), (A)(ii). See June 15, 2017 Plea Hr'g. Tr. at 4:1-8, 7:4-6. On November 16, 2017, the Court sentenced Walters to 114 months' imprisonment to be followed by 5 years of supervised release. See Nov. 16, 2017 Judgment. Walters, who is 26 years old, is incarcerated at USP Victorville, a high-security penitentiary in California for male inmates. See Opp. at 5; https://www.bop.gov/locations/institutions/vip/. He has served approximately 51 months of his 114-month sentence and is not scheduled for release until January 3, 2024. See Opp. at 1.

II. **Legal Standard**

18 U.S.C. § 3582(c)(1)(A) provides in part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

United States Sentencing Commission policy statement U.S.S.G. § 1B1.13 provides that a court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "the defendant is not a danger to the safety of any other person or to the community . . .," and "the reduction is consistent with this policy statement." Application Note 1 states in part that extraordinary and compelling reasons may exist if: **(1)** "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not

expected to recover"; **(2)** "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; or **(3)** the circumstances involve (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or (ii) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

### III. Findings

The Court's findings are as follows:

1. The Government argues that Walters, who as noted, is 26 years of age, "has failed to exhaust his administrative remedies by bringing a compassionate release application through the Bureau of Prisons ('BOP'), which is required before the Court may grant such an application." See Opp. at 1, 8-9. Walters contends that he has exhausted his administrative remedies with the Warden's office at USP Victorville but "ha[s] received no answer in the 30 day period." See Mot. at 2; see also Suppl. Br. at 1-2.

2. Walters has not submitted evidence, documentary or otherwise, that he has exhausted his administrative remedies. *See United States v. Reiter*, 2020 WL 4252681, at *3 (S.D.N.Y. July 23, 2020). For example, "[Walters] does not (1) provide a copy of his request to BOP, (2) state the date on which he made the request to BOP, [or] (3) provide evidence that the Warden received such a request." *Id.* Accordingly, it appears that Walters has not demonstrated that he exhausted his administrative remedies. *Id.*; *see United States v. Sosa*, 2020 WL 4252683, at *1 (S.D.N.Y. July 24, 2020); *see also United States v. Brady*, No. 18cr00316 (PAC), ECF No. 115 at 2 (S.D.N.Y. Apr. 13, 2020).

3. Because Walters is appearing pro se, the Court will assume, arguendo, that he has exhausted his administrative remedies or that waiver of the exhaustion requirement is warranted. That is, even if exhaustion were found, the Court would deny Walters's motion because there do not appear

3

to be "extraordinary and compelling" circumstances warranting his early release and, relatedly, because dangerousness is a factor here. These conclusions are based on the following:

a. The Center for Disease Control states that "moderate-to-severe asthma may increase [the] risk for severe illness from COVID-19." See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html. According to Walters's BOP medical records, he suffers from "mild intermittent" asthma. See Opp. Ex. B at 3.

b. "The COVID-19 virus is relatively contained at Victorville." *United States v. Salcedo*, 2020 WL 5899397, at *2 (D. Haw. Oct. 5, 2020). As of October 20, 2020, it appears that there were no active COVID-19 cases among inmates at USP Victorville. See https://www.bop.gov/coronavirus/ (last visited October 20, 2020). According to the Government, there have been no COVID-19-related deaths reported at USP Victorville. See Opp. at 12.

c. While, as noted, Walters has been classified as having "mild intermittent" asthma, this type of asthma is the "the lowest classification, which is not a COVID-19 high-risk factor." *United States v. Anguiera*, 2020 WL 3424530, at *5 (W.D.N.Y. June 23, 2020); see Opp. Ex. B at 3. According to Walters's medical records and the Government's contentions: (1) Walters has "suffered no asthmatic episodes or distress throughout his entire time in custody"; (2) approximately two years ago, Walters "affirmatively disclaimed a need for an inhaler" that had been previously prescribed to him; and (3) since Walters's arrival at USP Victorville, he "has not sought care from the medical clinic and has not once requested or needed an inhaler or other treatment relating to asthma or any other respiratory condition." See Opp. at 1-2 & n.2; see also Opp. Ex. B at 3.

    d. It has been held that "intermittent" asthma is not, in and of itself, an extraordinary and compelling reason for immediate release in light of the relatively minimal risk it poses for severe illness when combined with COVID-19. *See United States v. Gonzalez*, 2020 WL 3428137, at *3 (S.D.N.Y. June 23, 2020); *see also United States v. Harris*, 2020 WL 4699044, at *4 (S.D.N.Y. Aug. 12, 2020); *United States v. Frazier*, 2020 WL 3508261, at *2 (S.D.N.Y. June 29, 2020).

    e. As to Walters's claim that USP Victorville is ill-equipped to "administer proper health care" to him were he to contract COVID-19, see Mot. at 2, Walters has "not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within [USP Victorville], or that [USP Victorville] is specifically unable to adequately treat [Walters]." *See United States v. Gileno*, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020). Generalized concerns about USP Victorville's capability to treat Walters do not suffice. *See United States v. Sonnier*, 2020 WL 4601638, at *4–5 (E.D. La. Aug. 11, 2020) ("[Defendant] has alleged only general concerns that Victorville USP is ill-prepared to manage a potential COVID-19 outbreak at the facility . . . . the existence of COVID-19 at Victorville USP alone cannot independently justify compassionate release.").

    f. As to Walters's claim that he "ha[s] kids that need their father in their lives," see Mot. at 2, this, while certainly cause for empathy and understanding, is "not a basis to grant him compassionate release." *United States v. Corin*, 2020 WL 5898703, at *4 (S.D.N.Y. Oct. 5, 2020). "[I]f wanting to be with your children constituted an extraordinary and compelling reason for a reduction of sentence, almost every defendant would qualify. The exception would swallow the rule." *Id.*; *see also United States v. Martin*, 2020 WL 4361679, at *3 n.2 (W.D.N.Y. July 30, 2020) (citations omitted) (denying motion of defendant who sought compassionate release based in part on his "children's need for a

father." "[S]uch [a] consideration[] would be insufficient to outweigh the factors that continue to support [defendant's] initial sentence.").

4. Even if Walters had established one or more "extraordinary and compelling" circumstances, the Court would deny his motion because Walters poses a danger to the community. See § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. A finding of "danger to the community" outweighs arguments favoring early release. *See United States v. Tisdale*, 2020 WL 5441584, at *3 (S.D.N.Y. Sept. 9, 2020) (holding that "the relevant § 3553(a) factors"—"[m]ost importantly, . . . that [the defendant] is . . . a danger to the safety of the community"—"outweigh any extraordinary and compelling reasons warranting compassionate release") (citations and omissions omitted).

5. Among other factors: **(1)** Walters's indictment stemmed from his "sho[o]t[ing] a seventeen-year-old boy . . . on a busy commercial street during the evening rush hour . . . . in furtherance of an ongoing gang rivalry between his MOET-YGz gang and the MOET-Crips over drug sales"—conduct that "could easily have resulted in death or serious injury to [the] [v]ictim[] or an innocent passerby." See Gov't Sentencing Submission at 3; and **(2)** Walters's criminal history category (of II) reflects "a number of drug and gun crimes," as well as other offenses evincing "complete recklessness and . . . violence," including: second-degree criminal possession of a weapon (an offense for which he was adjudicated a juvenile delinquent), third-degree criminal sale of a controlled substance, attempted criminal possession of a controlled substance, second-degree reckless endangerment, and third-degree attempted assault. Id. at 3-4; see also Nov. 16, 2017 Sentencing Tr. at 3:7-9, 5:2-8, 15:3-10. Walters poses a danger to the safety of other persons and to the community because the underlying conduct that led to his incarceration seriously endangered the community. *United States v. Batista*, 2020 WL 3249233, at *3 (S.D.N.Y. June 16, 2020).

6. The sentence reduction sought by Walters "would fail to satisfy any of the purposes of sentencing," namely "to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant." *United States v. Garcia*, --- F. Supp. 3d ----, 2020 WL 2468091, at *6 (S.D.N.Y. May 13, 2020); *see also Batista*, 2020 WL 3249233, at *4; Nov. 16, 2017 Sentencing Tr. at 18:20-23.

IV. **Conclusion & Order**

Defendant's motion for compassionate release is respectfully denied.[1] The Government's request to file Exhibits A, B, and C under seal is granted. *See United States v. Daugerdas*, 2020 WL 2097653, at *3 n.2 (S.D.N.Y. May 1, 2020).

Dated: New York, New York
October 21, 2020

                                                          *Richard M. Berman*
                                                        **RICHARD M. BERMAN, U.S.D.J.**

---

[1] Any issues or arguments raised by the parties but not specifically addressed in this Decision and Order have been considered by the Court and rejected, including Walters's application for appointment of counsel [Dck. # 94]. *See United States v. Garrison*, 2020 WL 5253219, at *1 n.1 (S.D.N.Y. Sept. 3, 2020) ("Here, because [the defendant] has failed to show that his application for compassionate release is likely to have merit, his request for appointment of counsel is DENIED.").